# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Albert Rucker, Jr., | : | Case No. 1:06CV2819 |
| Plaintiff | : | |
| v. | : | Magistrate Judge David S. Perelman |
| City of Cleveland, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants | : | |

Approximately an hour after this Court entered a ruling granting the defendants' motion for summary judgment the plaintiff filed a response thereto out of rule, without seeking leave of court to do so.[1]

This federal court's jurisdiction over this action rested upon Counts One, Two, Five, Six, Eight and Nine of the complaint, which asserted claims for relief under federal law. Counts Three, Four, Seven and Ten asserted state law claims, as to which this Court could exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367.

Having considered the prolix and rambling contents of plaintiff's improper submission, and the exhibits thereto, nothing therein alters this Court's conclusion that the determination by a judge of the Common Pleas Court of Cuyahoga County that the plaintiff's "termination was warranted for Mr. Rucker's actions" and that there was "no discrimination or violation of Albert Rucker, Jr.'s. .

---

[1] Had the plaintiff sought such a leave it would have been denied, as his sixty-two page memorandum violated Rule 7.1(f) of the Local Rules of court, which limits memoranda relating to dispositive motions in standard track cases to twenty pages in length.

. federal or constitutional rights" consequent to his termination by the City of Cleveland stands as <u>res judicata</u> as to the federal law claims made by the plaintiff in Counts One, Two, Five, Six, Eight and Nine of the complaint.

This federal court cannot retry the issues resolved in the context of the proceedings before the Cleveland Civil Service Commission which culminated in that judicial determination, as the plaintiff apparently believes can be done.

Insofar as the state law claims set out in Counts Three, Four, Seven and Ten of the complaint are concerned, while it may well be that the state court's holding that there was no violation of employment and state law in the plaintiff's discharge may also stand as <u>res judicata</u> on those claims for relief this Court did not decide that issue, instead declining to exercise discretionary supplemental jurisdiction over those state law claims upon the failure of the foundation for the primary federal jurisdiction over the action. Whether that is so may be for a state court judge to determine if the plaintiff attempts to reassert any or all of those claims in a subsequent action in the Ohio courts.

This Court's ruling granting the defendants' motion for summary judgment will stand.

**IT IS SO ORDERED**

                                                s/DAVID S. PERELMAN
                                                United States Magistrate Judge

DATE:    August 3, 2009